514

## CIRCUIT COURT OF ARLINGTON COUNTY

Lataif

    v.

Restaurant Equities, Inc.

November 13, 1978

Case No. (Law) 19113

By JUDGE CHARLES H. DUFF

Apart, however, from any question of waiver in the normal case, I do not feel that it would apply where an attorney-client privilege is asserted. At common law apparently it was conceded that this privilege was originally intended to protect the attorney; however, it is now generally agreed that the privilege is the client's and his alone. Thus, any waiver of the privilege should be the client's and his alone. See *McCormick on Evidence*, p. 192. Phrased differently, Mr. Lataif would not be in a position to waive the privilege which belonged to his clients, by his failure to object to the interrogatories posed.

Of more substantive concern, however, is the nature of the discovery requested. The suit appears to be on a written assignment directed to the Defendants. The interrogatories requested seem to me to be an effort to ascertain whether the assignment was indeed valid or based upon proper consideration. The defense that an assignment was made without consideration is not one which the original debtor may raise when sued by the assignee. The assignee may generally recover in an action against the original debtor or obligor, even though there was no consideration for the transfer as between the assignor and the assignee. See 6 Am. Jur. 2d 273, *Assignments*; 2A M.J. *Assignments*, Sec. 23.

Accordingly, it is my ruling that the interrogatory questions need not be answered. If Mr. Echols's clients have reason to believe that the assignment was improper, invalid or the result of coercion, leave will be granted for fourteen days to file a detailed amended Answer setting forth such defenses. In the absence of such filing, discovery will be considered completed.